**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RAY PERRY, United States of America ex rel., | No. 12-35278 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-06307-HO |
| v. | ORDER and MEMORANDUM[*] |
| HOOKER CREEK ASPHALT AND PAVING, LLC; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael R. Hogan, District Judge, Presiding

Argued and Submitted October 7, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Judges Silverman and Fletcher vote to grant the petition for panel rehearing

(ECF No. 75). Judge Callahan votes to deny the petition for panel rehearing.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to hear the matter en banc. *See* Fed. R. App. P. 35.

The petition for panel rehearing is granted, and the petition for rehearing en banc is denied.

The Memorandum Disposition filed October 24, 2013 is WITHDRAWN and replaced with the following Memorandum Disposition:

Relator Michael Perry appeals from the district court's order dismissing Perry's second amended complaint with prejudice. The district court ruled that Perry's claims failed to satisfy the pleading requirements of Federal Rules of Civil Procedure 8(a) and 9(b). We have jurisdiction under 28 U.S.C. § 1291, and we reverse in part and remand.

Perry generally alleges that defendants violated the False Claims Act, 31 U.S.C. § 3729, by knowingly and intentionally submitting bills to the State of Oregon for work and materials that did not meet state quality assurance standards, causing Oregon to submit false claims to the federal government for reimbursement of federal highway apportionment funds. In his second amended complaint, Perry offers a number of "representative examples" of what he alleges was a broad scheme of fraud, spanning more than 200 contracts. Because these

examples describe a wide variety of alleged violations, they do not serve to allege with particularity the "who, what, when, where and how" of a consistent course of fraudulent conduct. *See, e.g.*, *United States ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054–55 (9th Cir. 2011) (False Claims Act complaint must satisfy Federal Rules of Civil Procedure 8(a) and 9(b)); *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (False Claims Act complaint must satisfy the heightened plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 131 S. Ct. 801 (2010). Because we find that Perry's second amended complaint fails to meet the burden of Rule 9(b) for such conduct, we do not need to address whether the factual allegations contained in his complaint are plausible under Rule 8(a).

Although we agree that Perry's second amended complaint did not meet the requirements of Rule 9(b) for a consistent course of fraudulent conduct, the district court should have granted Perry a further opportunity to amend. Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." A relator "is not required to allege all facts supporting each and every instance" of fraudulent billing. *Ebeid*, 616 F.3d at 999 (internal

quotation marks omitted).  Rather, "it is sufficient to allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted.'"  *Id.* at 998–99 (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009)).

"Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.'"  *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nevada ex rel. Bd. of Regents of Nevada System of Higher Education*, 616 F.3d 963, 972 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 1678 (2011)).  While Perry's use of "representative examples" does not succeed in alleging with particularity a consistent course of conduct, or scheme of *systemic* fraud, Perry's complaint contains specific examples that, if brought as individual claims, could potentially provide sufficient particularity to satisfy Rule 9(b).

Because it is not clear that Perry's complaint could not have been saved by any amendment, we reverse the district court's dismissal and remand to allow him an opportunity to amend to narrow his complaint.

**REVERSED in part and REMANDED.**

*Perry v. Hooker Creek Asphalt*, No. 12-35278

CALLAHAN, Circuit Judge concurring and dissenting.

I concur in the holding that the district court properly dismissed plaintiff's second amended complaint for failure to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) and 9(b). However, I remain of the opinion set forth in our initial memorandum disposition that the district court did not abuse its discretion in denying plaintiff leave to again amend his complaint.

We review a trial court's denial of leave to amend a complaint for abuse of discretion. *United States ex rel. Lee v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). This discretion is particularly broad when the plaintiff has previously amended the complaint. *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). We have further held that leave to amend may be denied when an amendment would be futile. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 623 (9th Cir 2004).

Here, the district court properly determined that any amendment would be futile. Plaintiff filed his qui tam complaint in 2008, and the United States declined to intervene in 2010. In 2011, the defendants first moved to dismiss, but the district court granted plaintiff leave to file an amended complaint. Plaintiff filed a

1

33-page second amended complaint with an appendix listing over 260 various projects for which six different entities had over a ten-year plus period of time billed the State of Oregon in order to receive compensation from the United States. Defendants again moved to dismiss and on March 16, 2012, the district court granted the motion without leave to amend.

In granting the motion to dismiss, the district court found that plaintiff: (1) "still tries to equate general allegations of substandard work to an [False Claims Act] claim"; (2) failed to heed the district court's determination that the claims "were not amenable to representative example type pleading"; and (3) advanced representative examples that still did "not connect any person to the alleged fraudulent conduct, or state when and where the conduct occurred." The court further held that "because there are insufficient allegations of the billings themselves, the complaint fails to allege with the requisite specificity defendants' intent vis-a-vis the federal government, what information was presented to the federal government, . . . or what role the information provided in the federal government's decision to pay."

Our consistent, and unanimous, affirmance of the district court's grant of the motion to dismiss confirms the propriety of the district court's determinations. The majority, however, suggests that while plaintiff's "representative examples" do not

2

allege "with particularity a consistent course of conduct, or scheme of *systemic* fraud," plaintiff's second amended complaint "contains specific examples that, if brought as individual claims, could potentially provide sufficient particularity to satisfy Rule 9(b)."

I cannot agree with such speculation. Plaintiff in twice responding to motions to dismiss never asserted individual claims with sufficient specificity. More importantly, the majority does not identify any specific example that actually contains sufficient particularity to support an individual claim. Rather, the majority suggests that some unspecified examples "could potentially provide sufficient particularity." This seems to me to be wishful thinking, particularly because the district court noted, and plaintiff does not really contest, that plaintiff does not have access to the information on billing, the records and practices underlying the defendants' billing for work performed, or "materials provided relating to the road construction in issue."

Having affirmed the district court's dismissal of the second amended complaint without in any way disagreeing with its reasoning, I cannot conclude that the court abused its discretion in denying leave to amend. Indeed, insisting that plaintiff be granted leave to file a third amended complaint appears to be a futile exercise that unnecessarily burdens the district court and the defendants.

3

Accordingly, I would not have granted the petition for rehearing and I dissent from the order remanding the case to the district court.